IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN BURGESS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-0824-P |
| | § | (Criminal No. 4:19-cr-0362-P(3)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is the motion of John Burgess ("Burgess" or "Movant"), under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion (ECF No. 1), Government's response (ECF No. 7), Burgess's reply (ECF No. 8), record, including the record in the underlying criminal case, Criminal Action No. 4:19-cr-0362-P(3), and applicable law, finds that the motion should be denied.

**I.    BACKGROUND**

The record in the underlying criminal case reflects the following:

As set forth in the Presentence Report ("PSR"), in October 2018, Burgess sold three ounces (83.4 grams) of Ice methamphetamine with a purity of 90%, which he had obtained from L. Martinez, to a confidential source. CR Doc. 298, PSR (SEALED) ¶¶ 18-20.[1] He was charged by criminal complaint and arrested. CR Doc. 1. He later waived indictment and, on December 31, 2019, Burgess pled guilty to a one-count information charging him with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). CR Docs. 182, 205-07. He did not sign a written plea agreement.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, Criminal Action No. 4:19-cr-362-P(3).

A United States probation officer prepared a PSR. The PSR attributed to Burgess 83.4 grams of Ice methamphetamine and set his offense level at 30. CR Doc. 298, PSR (SEALED) ¶ 28. He received a three-level reduction for acceptance of responsibility. *Id.* ¶¶ 35-36. Given Burgess's criminal-history category of III, his advisory guideline range was 87 to 108 months' imprisonment. *Id.* ¶¶ 44, 80. Burgess did not file objections to the PSR but did move the Court for a downward variance. CR Doc. 627 at 5. At the sentencing hearing, the Court heard argument from both parties, as well as Burgess's allocution, and sentenced him to 92 months' imprisonment. CR Doc. 627.

Burgess filed a direct appeal. CR Doc. 553. On March 8, 2021, the Fifth Circuit granted Burgess's motion to voluntarily dismiss his appeal. Burgess timely filed the instant motion on July 6, 2021. *See* 28 U.S.C § 2255(f)(1).

## II.   GROUNDS OF THE MOTION

Liberally construed, Burgess claims that (1) his attorney was constitutionally ineffective, (2) his sentence was excessive in violation of the Eighth Amendment, and (3) his plea agreement was "ambiguous." ECF No. 1 at 4-5, 7. The government has filed a response in opposition to Burgess's Section 2255 Motion in which it urges the Court to deny his motion. Specifically, the Government contends that "Burgess's claims are so vague and conclusory that they warrant summary denial. Further, they are procedurally barred, waived, meritless, or some combination thereof, and he fails to demonstrate that he received ineffective assistance of counsel." *See* Gov't's Resp. 2, ECF No. 7. Burgess filed a reply. ECF No. 8.

2

## III.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.   Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a

3

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV.   ANALYSIS**

As a threshold matter, the Government argues that Burgess's claims are "vague and conclusory one-sentence statements," and that he "fails to specify any facts or law in support of his arguments or even to provide detailed allegations." Gov't's Resp. 6, ECF No. 7. As such, the Government contends Burgess does "not provide a sufficient factual or legal basis to make out cognizable Section 2255 claims, and the Court should summarily deny them." *Id.*

>Burgess's allegations are as follows:
>
>Ground One: Ineffective Assistance of Counsel
>
>In the criminal case at bar movant's Sixth Amendment of the constitution rights were violated by the ineffective or deficient assistance of counsel.
>
>Ground Two: Illegal Sentence
>
>Movant was subject to an excessive sentence in the criminal case at bar in violation of the Eighth Amendment and 18 USC 3553.
>
>Ground Three: Ambiguous Plea Agreement
>
>Movant was led by defense counsel into an ambiguous plea agreement with the government in which [sic] could not have possibly known the outcome.

Mot. 4-7, ECF No. 1.

Pro se filings are liberally construed, but those relaxed standards do not require the Court to guess or to develop the arguments on the litigant's behalf. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (ruling that pro se litigants are still required to provide sufficient facts in support of their claims). Further, "mere conclusory allegations on critical issues are insufficient to raise a constitutional issue." *Id.*

Burgess's motion is lacking in any detail and highly conclusory. As such, the Court agrees with the Government that he fails to overcome the presumptions accorded to the evidence that is properly in the record and his motion must be summarily dismissed. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of record are wholly incredible.").

In the alternative to summary dismissal, the Court will address each claim.

### B. Burgess's Claim that his Sentence was Excessive

Burgess contends that his 92-month was excessive in violation of the Eighth Amendment. Mot. 5, ECF No. 1. The Government argues that Burgess procedurally defaulted on this claim by failing to raise it on appeal and, alternatively, his claim lacks merit. For the reasons that follow, the Court agrees.

First, the Court concludes that Burgess procedurally defaulted his Eighth Amendment claim when he failed to raise it on direct appeal. "[A] collateral challenge may not do service for an appeal." *Shaid*, 937 F.2d at 231. A Section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on his conviction, unless he shows both "cause" for his procedural default and "actual prejudice" resulting from the error, or that he is actually innocent. *Id.* at 232; *see also Bousley v. United States*, 523 U.S. 614, 622 (1998) (same). That standard imposes "a significantly higher hurdle than the plain error standard" that governs direct appeals. *Shaid*, 937 F.2d at 232. Courts apply this "rigorous standard in order to ensure that final judgments command respect and that their binding effect does not last only until the next in a series of endless post-conviction collateral attacks." *Id.* The burden to show both "cause" and "actual prejudice" belongs to Burgess. *Bousley*, 523 U.S. at 622.

After considering Burgess's Section 2255 motion (ECF No. 1), the Court concludes he has failed to allege, much less show, "cause" for his procedural default and "actual prejudice" resulting from the alleged error, or that he is actually innocent. Accordingly, the Court will deny his claim that his sentence was excessive because Burgess procedurally defaulted on this claim by failing to raise it on appeal.

Alternatively, the Court will dismiss this claim as lacking in merit. The Eighth Amendment prohibits punishment that is grossly disproportionate to the severity of the crime committed. *Solem v. Helm*, 463 U.S. 277, 288 (1983). The Fifth Circuit has recognized that a sentence within the properly calculated guideline range is a "convincing objective indicator of proportionality." *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993); *United States v. Talamini*, 515 F. App'x 306, 307 (5th Cir. 2013). As the Government correctly notes (*see* Gov't's Resp. 8, ECF No. 7), Burgess's sentence of 92 months is within his properly calculated guidelines range to which he did not object. Accordingly, in addition to denying this claim as procedurally defaulted, the Court will deny this claim because Burgess fails to show that his sentence violated the Eighth Amendment.

        **C.**        **Burgess's Claim that His Plea Agreement was Ambiguous**

Burgess also contends that his plea agreement was "ambiguous" and left him unable to predict the outcome of his case. Mot. 7, ECF No. 1. In opposition, the Government argues that Burgess's "conclusory claim fails, first, because it is procedurally defaulted (as he failed to raise it on direct appeal) and, second, because it is factually incorrect (since he had no written plea agreement with the government). Gov't's Resp. 9, ECF No. 7.

First, the Court concludes that Burgess procedurally defaulted this claim when he failed to raise it on direct appeal. *See Shaid*, 937 F.2d at 231-32; *Bousley*, 523 U.S. at 622. Further, Burgess has failed to allege, much less show, "cause" for his procedural default and "actual prejudice" resulting from the error, or that he is actually innocent. Accordingly,

7

the Court will deny his claim that his plea agreement was ambiguous because Burgess procedurally defaulted on this claim by failing to raise it on appeal.

Alternatively, the Court denies this claim as factually incorrect. A review of the record shows that on December 31, 2019, Burgess pled guilty to a one-count information charging him with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), but he did not have a written plea agreement with the Government. CR Docs. 182, 205-07. Thus, any claim predicated on a plea agreement fails.

### D. Burgess's Claim of Ineffective Assistance of Counsel

Construed liberally, Burgess appears to be asserting that his attorney was ineffective for advising him to plead guilty without a plea agreement. The Government contends Burgess's claim should be denied based on waiver and as meritless. The Court agrees.

"'[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived,' and the waiver 'includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'" *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)). A guilty plea waives a claim of pre-plea ineffective assistance unless the defendant can show that he would have pled not guilty but for counsel's deficient performance. *Id.*; *United States v. Palacios*, 928 F.3d 450, 456 (5th Cir. 2019).

8

Burgess makes no claim, however, that counsel's performance rendered his plea unknowing or involuntary. He does he claim that, but for counsel's alleged deficiencies, he would have insisted on a trial. *See Palacios*, 928 F.3d at 456. As such, the Court concludes that Burgess waived his claims of pre-plea ineffective assistance, and it will deny his claims on this basis.[2]

## V.    CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Fed, R. App. P. 22(b). Rule 11 of the Rules Governing Section 2255 Proceedings now requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009). This Court may only issue a COA if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims

---

[2] To the extent Burgess adds new grounds for ineffective assistance of counsel in his reply brief, *see* Reply at 8-10, these claims do not alter the Court's decision. New claims raised for the first time in a movant's reply memorandum need not be considered. *See United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (district court does not abuse its discretion in refusing to consider new issues in a § 2255 reply after the government filed its response). A reply is not a forum to raise new arguments, but rather is an opportunity to respond to the arguments raised in the response. *Marroquin v. United States*, 2009 WL 89242, at *4 (N.D. Tex. Jan. 12, 2009); *see also* Order and Instructions to Parties in a Motion under 28 U.S.C. § 2255, ECF No. 5. Even were the Court to consider Burgess's laundry list of new reasons he contends he received ineffective assistance of counsel, these claims would entitle him to no relief as they are equally vague and conclusory as those raised in his Section 2255 motion and, therefore, subject to summary dismissal. Further, Burgess procedurally defaulted any such claims when he failed to raise them on direct appeal. *See Shaid*, 937 F.2d at 231-32; *Bousley*, 523 U.S. at 622. And Burgess has failed to allege, much less show, "cause" for his procedural default and "actual prejudice" resulting from the alleged error, or that he is actually innocent. *Shaid*, 937 F.2d at 231-32. Finally, his claims of ineffective assistance of counsel fail under *Strickland*. Other than a conclusory statement, he fails to show there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 687.

or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court concludes that Burgess has not made a showing that reasonable jurists would question this Court's rulings and **DENIES** a certificate of appealability for the reasons stated in this Order.

## VI. CONCLUSION

For the reasons discussed herein, Burgess's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 1) is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed above, a certificate of appealability is **DENIED**. In accordance with Federal Rule of Civil Procedure 58(a), the Court will issue a final judgment separately

**SO ORDERED** on this **27th day** of **September, 2021**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE